**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
Telephone:  973-538-4006
Attorneys Appearing:     Warren J. Martin Jr. (WM-0487)
                         Terri Jane Freedman (TF- 0028)

Special Counsel to the Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of: | |
| | Chapter 7 |
| STANLEY F. KLEINSCHMIDT, JR. and | |
| CORINNE A. KLEINSCHMIDT | Honorable Novalyn L. Winfield |
| | |
| Debtors. | Case No. 09-13545 (NLW) |
| | |
| CHAPTER 7 TRUSTEE, DAVID WOLFF, | |
| | Adv. Pro. No. |
| Plaintiff, | |
| | |
| v. | |
| | |
| STANLEY F. KLEINSCHMIDT, JR. and | |
| CORINNE A. KLEINSCHMIDT | |
| | |
| Defendants. | |

**ADVERSARY COMPLAINT TO OBJECT TO DISCHARGE OF DEBTORS AND DETERMINE**
**NON-DISCHARGEABILITY OF DEBTS**

Plaintiff, David Wolff, the Chapter 7 Trustee (the "Trustee"), through his undersigned attorneys, hereby alleges for his Adversary Complaint to Object to Discharge of Debtors and Determine Non-Dischargeability of Debts, against debtors Stanley F. Kleinschmidt, Jr. and Corinne A. Kleinschmidt (together, the "Debtors"), as follows:

1310572

**NATURE OF THE ACTION**

1. The Trustee brings this action, pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(D), and 727(c)(1), to object to the global discharge of the Debtors' debts and liabilities. The Debtors have not fulfilled their duties of candor and full disclosure under 11 U.S.C. § 521, in that the Debtors have not submitted to the Trustee a copy of their federal income tax returns for both the year ending immediately before the commencement of the case, and for the two years prior to filing. Moreover, Corinne A. Kleinschmidt has failed to comply with the Trustee's subpoena request to examine her with respect to her liabilities and financial condition. As the Debtors have failed to comply with the requirements of the United States Bankruptcy Code, the Trustee must accordingly object to the Debtors' discharge.

**PARTIES**

2. Defendants Stanley F. Kleinschmidt, Jr. ("Mr. Kleinschmidt") and Corinne A. Kleinschmidt ("Mrs. Kleinschmidt") are the Debtors in this Chapter 7 proceeding. The Debtors are individuals residing at 22 Oakwood Avenue, Mine Hill, New Jersey.

3. The Plaintiff is the Chapter 7 Trustee of the Debtors. The Trustee is represented by his counsel, Porzio, Bromberg & Newman, P.C, with offices located at 100 Southgate Parkway, Morristown, New Jersey.

**JURISDICTION AND VENUE**

4. This adversary proceeding is brought in accordance with Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8. This action is proper pursuant to 11 U.S.C. 727(c)(1), which permits the Trustee to object to the discharge of the Debtors under 11 U.S.C. 727(a).

## STATEMENT OF FACTS

9. On February 13, 2009, the Debtors filed a voluntary petition, including a statement of financial affairs and schedules thereto (the "Petition"), under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

10. On February 17, 2009, the Trustee was duly appointed.

11. On March 19, 2009, the Trustee conducted the first meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code ("341 Meeting").

12. On April 13, 2009, the Trustee retained the law firm of Porzio, Bromberg & Newman, P.C., as special counsel ("Special Counsel").

13. On June 2, 2009, pursuant to Bankruptcy Rule 2004, the Special Counsel administered a Rule 2004 Examination ("2004 Examination") of Mr. Kleinschmidt.

14. Despite proper service of a subpoena for a 2004 Examination, Mrs. Kleinschmidt has not appeared for a 2004 Examination.

15. On September 24, 2009, this Court entered an Order granting the Trustee's request for an extension and setting the deadline of October 16, 2004 for the filing of a complaint to object to discharge and to determine the dischargeability of debts.

## FIRST COUNT

### (Objection to Discharge—11 U.S.C. § 727(a)(3)—Failure to Maintain Financial Records)

16. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 15 as if fully set forth at length herein.

17. During the 2004 Examination of Mr. Kleinschmidt, Special Counsel requested from Mr.

Kleinschmidt information pertaining to the Debtors' individual tax returns.

19. Special Counsel noted that the Debtors had not filed their individual tax returns for the years 2006, 2007 and 2008. In response, Mr. Kleinschmidt testified that he received an extension for the Debtors' filing of their 2006, 2007, and 2008 tax returns.

19. Mr. Kleinschmidt further testified that his financial paperwork is in order, but that he has been unable to finalize such tax returns due to "issues" with the Debtors' accountant.

20. Thus, by way of testimony, the Debtors have verified that the 2006, 2007, and 2008 individual tax returns have not yet been prepared or submitted by their accountant.

21. The Debtors assured Special Counsel that they would direct their accountant to prepare and file their individual tax returns for the years 2006, 2007, and 2008.

22. Upon information and belief, to date the Debtors have not followed through with this representation.

23. The Debtors' failure to provide these financial records severely impairs the Trustee's ability to confirm that the Debtors' representations made in their Petition are accurate and forthright. The limited information supplied, coupled with the Debtors' purported reason for such failure (*e.g.*, "issues" with their accountant), renders it impossible for the Trustee to administer his statutory duties.

24. It therefore appears that the Debtors have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which their financial condition might be ascertained, within the meaning of 11 U.S.C. Section 727(a)(3).

**WHEREFORE**, Plaintiff Trustee seeks judgment against the Debtors:

    A. Denying discharge pursuant to 11 U.S.C. Section 727(a)(3);

    B. For attorneys' fees and costs incurred in connection with this adversary proceeding; and

    C.    For such other and further relief as this Court deems fair and equitable.

## SECOND COUNT

**(Objection to Discharge—11 U.S.C. § 727(a)(4)(D) Knowingly Withholding Financial Information)**

25.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth at length herein.

26.    The Trustee is an officer of the estate entitled to possession of any recorded information, including books, documents, records, and papers relating to the Debtors' property or financial affairs.

27.    The Debtors have acknowledged their duty to submit their individual tax returns to the Trustee or Special Counsel, yet they have continually avoided this responsibility.

28.    The Debtors' failure to respond to the Trustee's request to produce any and all recorded information, constitutes withholding of such documents from the Trustee within the meaning of 11 U.S.C. Section 727(a)(4)(D).

**WHEREFORE**, Plaintiff Trustee seeks judgment against the Debtors:

    A.    Denying discharge pursuant to 11 U.S.C. Section 727(a)(4)(D);

    B.    For attorneys' fees and costs incurred in connection with this adversary proceeding; and

    C.    For such other and further relief as this Court deems fair and equitable.

Dated: October 7, 2009

        Respectfully submitted,

        **PORZIO, BROMBERG & NEWMAN, P.C.**
        Special Counsel to the Chapter 7 Trustee, David Wolff

        By: _____/s/ Terri Jane Freedman_____
        Terri Jane Freedman, Esq.

5

1310572