# EXHIBIT E

# **PROMISSORY NOTE**

$30,000                                                                                                                         March 2005

FOR VALUE RECEIVED, the undersigned, STANLEY KLEINSCHMIDT, residing at 22 Oakwood Ave., Mine Hill, New Jersey 07803 (Maker) promises to pay to the order of Craig Seminara a resident of New Jersey (Holder) at 14 Larsen Drive, Succasunna, New Jersey 07876, or at such other place within the United States of America which the holder may from time to time designate in writing to the Maker, the principal sum of (Thirty Thousand Dollars) $30,000.00, together with a profit interest of $4,500.00, payable within five months from the date hereof, at which time the principal balance and profit interest shall be due and payable in full.

Upon the happening of any one or more of the following events, each of which shall constitute a default, the unpaid principal and interest balance of this Note, shall, at the option of the Holder hereof, become immediately due and payable:

a. failure of Maker to make any payment when and as due hereunder which default continues for a period of fifteen (15) days.

b. the filing of any petition by or against Maker either under the federal bankruptcy laws or state receivership laws or under any similar federal or state statute, or the insolvency, receivership, or assignment of assets for the benefit of creditors of Maker; or the inability or the admission In writing by Maker of an inability to pay depts. as they mature; or the effecting by Maker of a plan or other arrangement with creditors;

c. an attachment or execution levied against any substantial part of Maker's assets;

d. the liquidation, dissolution or cessation of business activity of Maker, or the transfer or attempted transfer of any portion of Maker's assets utilized in his business;

e. the death or permanent disability of Maker.

In the event of default, as defined above, the interest rate applicable to the outstanding balance of the principal shall accrue at a rate of zero percent (0%) per annum so long as the obligations hereunder remain in default.

This Note shall be payable without any offset, reduction or recoupment whatsoever. The Maker of this Note herby waives presentment for payment, notice of non-payment, notice of dishonor, protest and notice of protest.

In case of provision (or any part of any provision) contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or the remaining part of any affected provisions) of this Note and this Note shall be deemed never to have contained such invalid, illegal or unenforceable provision.

The Holder hereof may, without notice and without releasing the liability of any party hereto, grant nsions or renewals hereof from time to time and for any term or terms. Delay on the part of the Holder in rcising any rights hereunder shall not be deemed a waiver thereof.

This Note shall inure to the benefit of the Holder, and Holder's legal representatives, successors, and assigns, and shall bind the Maker, all guarantors and endorsers, and their legal representatives, successors and assigns. This Note shall be construed and enforced according to the laws of the State of New Jersey.

Maker agrees to submit to the jurisdiction of the Courts of the State of New Jersey, waiving any and all defenses to the jurisdiction and/or venue of said courts, and agrees not to raise any questions or issues as to he jurisdiction or venue of either or both courts in the event that suit is brought or judgment entered on this Note.

In the construction of this Note, words used in the singular shall include the plural, and the plural the singular, and words used in the masculine gender shall include the feminine and the neuter, and vice versa, in all cases where such meaning would be appropriate.

IN WITNESS WHEREOF, this Note has been executed on the date first above written.

_____    _____    3/12/05
WITNESS:                     STANLEY KLEINSCHMIDT (Maker):   DATE:

3/12/05
DATE:
                             _____    3/12/05
                             CRAIG SEMINARA (Holder):      DATE

## CONTINUING GUARANTY

THIS IS A GENERAL GUARANTY THAT IS ENFORCEABLE BY OBLIGEE, ITS SUCCESSORS AND/OR ASSIGNS. THIS IS ALSO AN ABSOLUTE AND UNCONDITIONAL GUARANTY

STANLEY KLEINSCHMIDT hereby guarantees payment of the within Note.

_____
STANLEY KLEINSCHMIDT

## PROMISSORY NOTE

$35,000                                                                April 8, 2005

FOR VALUE RECEIVED, the undersigned, STANLEY KLEINSCHMIDT, residing at 22 Oakwood Ave., Mine Hill, New Jersey 07803 (Maker) promises to pay to the order of Craig Seminara a resident of New Jersey (Holder) at 14 Larsen Drive, Succasunna, New Jersey 07876, or at such other place within the United States of America which the holder may from time to time designate in writing to the Maker, the principal sum of (Thirty Five Thousand Dollars) $35,000.00, together with a profit interest of $5,250.00, payable within six (6) months from the date hereof, at which time the principal balance and profit interest shall be due and payable in full.

Upon the happening of any one or more of the following events, each of which shall constitute a default, the unpaid principal and interest balance of this Note, shall, at the option of the Holder hereof, become immediately due and payable:

a. failure of Maker to make any payment when and as due hereunder which default continues for a period of fifteen (15) days.

b. the filing of any petition by or against Maker either under the federal bankruptcy laws or state receivership laws or under any similar federal or state statute, or the insolvency, receivership, or assignment of assets for the benefit of creditors of Maker; or the inability or the admission in writing by Maker of an inability to pay depts. as they mature; or the effecting by Maker of a plan or other arrangement with creditors;

c. an attachment or execution levied against any substantial part of Maker's assets;

d. the liquidation, dissolution or cessation of business activity of Maker, or the transfer or attempted transfer of any portion of Maker's assets utilized in his business;

e. the death or permanent disability of Maker.

In the event of default, as defined above, the interest rate applicable to the outstanding balance of the principal shall accrue at a rate of zero percent (0%) per annum so long as the obligations hereunder remain in default.

This Note shall be payable without any offset, reduction or recoupment whatsoever. The Maker of this Note herby waives presentment for payment, notice of non-payment, notice of dishonor, protest and notice of protest.

In case of provision (or any part of any provision) contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or the remaining part of any affected provisions) of this Note and this Note shall be deemed never to have contained such invalid, illegal or unenforceable provision.

The Holder hereof may, without notice and without releasing the liability of any party hereto, grant extensions or renewals hereof from time to time and for any term or terms. Delay on the part of the Holder in exercising any rights hereunder shall not be deemed a waiver thereof.

This Note shall inure to the benefit of the Holder, and Holder's legal representatives, successors, and assigns, and shall bind the Maker, all guarantors and endorsers, and their legal representatives, successors and assigns. This Note shall be construed and enforced according to the laws of the State of New Jersey.

Maker agrees to submit to the jurisdiction of the Courts of the State of New Jersey, waiving any and all defenses to the jurisdiction and/or venue of said courts, and agrees not to raise any questions or issues as to he jurisdiction or venue of either or both courts in the event that suit is brought or judgment entered on this Note.

In the construction of this Note, words used in the singular shall include the plural, and the plural the singular, and words used in the masculine gender shall include the feminine and the neuter, and vice versa, in all cases where such meaning would be appropriate.

IN WITNESS WHEREOF, this Note has been executed on the date first above written.

_____   _____   4/8/05
WITNESS:                           STANLEY KLEINSCHMIDT (Maker):      DATE:

4/8/05
DATE

                                   _____   4/8/05
                                   CRAIG SEMINARA (Holder):           DATE

## CONTINUING GUARANTY

THIS IS A GENERAL GUARANTY THAT IS ENFORCEABLE BY OBLIGEE, ITS SUCCESSORS AND/OR ASSIGNS. THIS IS ALSO AN ABSOLUTE AND UNCONDITIONAL GUARANTY

STANLEY KLEINSCHMIDT hereby guarantees payment of the within Note.

_____
STANLEY KLEINSCHMIDT