**EXHIBIT F**

## SETTLEMENT AGREEMENT

This Settlement Agreement, effective as of August 21, 2008, is entered into by and among Plaintiff, Craig Seminara and Kerry Seminara, residing at                , New Jersey, (hereinafter referred to as "Plaintiff") and the Defendant, Stanley Kleinschmidt, Jr., residing at 22 Oakwood Road, Mine Hill, New Jersey 07803, (hereinafter referred to as "Defendant").

## WITNESSETH

**WHEREAS**, Plaintiff obtained a Default Judgment against Defendant in the Morris County Superior Court in a case captioned Craig and Kerry Seminara v. Stanley Kleinschmidt, Jr. – Docket Number MRS-L-2195, Docketed as J-103006-2008; and

**WHEREAS**, the parties wish to settle the underlying issues related to the litigation and immediately issue a Warrant to Satisfy the Judgment;

**NOW, THEREFORE**, in consideration of their mutual promises and other valuable considerations, the parties agree as follows:

1. **Payment.**

    Defendant shall pay the Plaintiff a total settlement amount of $80,000.00 in the following manner:

    (a) Defendant shall pay $20,000.00 to the Plaintiff on or before August 22, 2008, by way of attorney trust account check made payable to Angelo Perrucci, Esq, - Trust Account.
    (b) Defendant shall pay the remaining $60,000.00 on or before February 22, 2009, by way of certified funds or attorney trust account check.

    (c) Should Defendant fail to make the $60,000.00 final payment by February 20, 2009, Defendant shall be considered in Default of this Agreement. Defendant shall then have until April 22, 2009 (which shall be two months after the $60,000.00 final payment is due) to cure said Default.

2. **Security/Settlement Documents.**

    To secure Defendant's payment of the remaining $60,000.00, Defendant has agreed to provide the following:

    a. Allstate form Mortgage and Note in the principal amount of $60,000.00 with an interest rate of 7%. Said Mortgage and Note shall be recorded by Plaintiff and shall be subordinate to the first and second mortgages presently in existence on the property located at 318 Center Grove Road, Randolph Township, Morris County, New Jersey. Said mortgage shall specifically recite that no payments are due and owing unless Defendant is in Default as specifically defined in this Settlement Agreement which shall not

take place unless Defendant fails to make full payment of the $60,000.00 on or before April 22, 2009. Plaintiff is specifically precluded from taking any action, including the filing of a Lis Pendens, Foreclosure Complaint or other type of Complaint in any Court until and after April 22, 2009.

      b.     Fully executed Consent Judgment in the amount of $60,000.00 which shall be held in escrow by Plaintiff's attorney, Angelo Perucci, Esq. until Defendant is in Default as specifically defined in this Settlement Agreement which shall not take place unless Defendant fails to make full payment of the $60,000.00 on or before April 22, 2009. At the time of Default as defined in this Agreement, no active case or docket shall be in existence. It is acknowledged and agreed by both Plaintiff and Defendant that in the event of Default, Plaintiff shall be permitted to file and new complaint in the Superior Court, Morris County and serve said complaint on Defendant's attorney and Defendant. Defendant hereby waives his right to Answer said Complaint and, after the time within which to Answer has passed, Plaintiff can caused to be filed the Consent Judgment. Said Judgment shall be filed along with a Certification of Amount Due reciting that Judgment interest accrues from August 22, 2008.

      c.     Upon receipt of and simultaneous with the initial payment of $20,000.00 from Defendant, Plaintiffs shall provide a Warrant to Satisfy the Judgment as referenced above - Docket Number MRS-L-2195, Docketed as J-103006-2008    .

      d.     Plaintiff and Defendant shall provide each other with mutual releases upon Plaintiffs' receipt of the final payment of $60,000.00.

      e.     Plaintiffs shall caused to be recorded all documents necessary to satisfy the Mortgage referenced herein return the Consent Judgment being held in escrow within (10) ten days of receipt of the final payment of $60,000.00.

    3.    **Default.**

Default shall be defined as a failure on the part of Defendant to make the final payment of $60,000.00 to Plaintiff by February 22, 2009. In the event of Default, Plaintiff shall not be permitted to take any action utilizing the Mortgage, Note or Consent Judgment for two calendar months (until April 22, 2009). These two calendar months are the cure period (hereinafter "Cure"). Should Defendant fail to make the final $60,000.00 payment on or before April 22, 2009, then Plaintiff shall be permitted to commence appropriate action of Foreclosure and file a complaint in the Superior Court – Law Division as set forth above so as to cause the Consent Judgment to be filed. It is understood and agreed that there shall be no obligation of payment and no interest accrued on the Note and Mortgage held by Plaintiffs until and after April 22, 2009. In the event of a Default and lack of Cure, interest on the Note and Mortgage shall be calculated commencing August 22, 2008.

4. **Release.**

Upon receipt of all settlement monies, Plaintiff agrees to prepare and execute a Release and provide same to Defendant.

5. **Binding Effect.**

This Settlement Agreement is binding on the parties to this Agreement and to any and all of their representatives, agents, heirs, successors and/or assigns.

6. **Notices.**

Any notices that are required or maybe given pursuant to the Settlement Agreement may be delivered personally or sent via a confirmed facsimile to both the Defendant and Defendant's attorney.

8. **Severability.**

If any provisions in this Settlement Agreement shall be declared in invalid or illegal for any reason whatsoever, then notwithstanding such invalidity or illegality, the remaining terms and provisions of the within Settlement Agreement shall remain in full force and effect in the same manner as if the invalid or illegal provisions had not been contained herein.

9. **Counterparts.**

This Settlement Agreement shall be executed in four counterparts all of which constitutes a single, entire agreement. Plaintiff and Defendant as well as their attorney shall maintain a copy of said Agreement.

10. **Governing Law.**

This Settlement Agreement shall be governed by, construed and interpreted in accordance with the Laws of the State of New Jersey. Jurisdiction to enforce, implement or otherwise deal with any breach or any other issue involving the settlement shall be retained by the Superior Court of New Jersey, Chancery Division, Morris County.

   It is understood and agreed that both parties have been represented by legal counsel throughout negotiation of the Settlement Agreement. Plaintiff has been represented by Angelo Perucci, Esq., and Defendant has been represented by Douglass F. Sclar, Esq.

   **IN WITNESS HEREOF,** the parties hereto have executed this Settlement Agreement as of the date and year first above written.

WITNESSED BY:

_____     _____
                                 Craig Seminara

WITNESSED BY:

_____     _____
                                 Kerry Seminara

WITNESSED BY: *[signature]*     *[signature]*
_____     _____
                                 Stanley Kleinschmidt

      It is understood and agreed that both parties have been represented by legal counsel throughout negotiation of the Settlement Agreement. Plaintiff has been represented by Angelo Perucci, Esq., and Defendant has been represented by Douglass F. Sclar, Esq.

      **IN WITNESS HEREOF,** the parties hereto have executed this Settlement Agreement as of the date and year first above written.

WITNESSED BY:

_____     _____
                                                                                           Craig Seminara

WITNESSED BY:

_____     _____
                                                                                            Kerry Seminara

WITNESSED BY:

_____     _____
                                                                                           Stanley Kleinschmidt